**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0836-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GABRIEL L. GREENE,

    Defendant-Appellant.

_____

Submitted February 6, 2024 – Decided February 21, 2024

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Municipal Appeal No. 22-0001.

Levow DWI Law, P.C., attorneys for appellant (Evan M. Levow, of counsel and on the brief; Keith George Napolitano Jr., on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel Maureen Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gabriel Greene appeals from a November 9, 2022 Law Division order denying his post-conviction relief (PCR) petition in which he sought Laurick[1] relief from enhanced penalties[2] for driving while intoxicated (DWI), N.J.S.A. 39:4-50. Defendant contends the municipal court and Law Division judges erred in denying his application to vacate his 2012 guilty plea because it was uncounseled, and he did not have enough time to consider its consequences. We are unpersuaded by these arguments and affirm.

On April 11, 2006, defendant was convicted of DWI.[3] Nearly six years later, on March 28, 2012, he was arrested and again charged with DWI in Pennsauken. On April 3, 2012, six days after his arrest, defendant appeared in municipal court without counsel. Unaware of defendant's prior conviction, the

---

[1] State v. Laurick, 120 N.J. 1, cert. denied, 498 U.S. 967 (1990).

[2] New Jersey's DWI laws provide for progressively enhanced penalties for repeat offenders. N.J.S.A. 39:4-50(a).

[3] The parties' submissions do not include information regarding the term of defendant's license suspension resulting from his 2006 conviction, or the fines and penalties imposed by the court. We note defendant's counsel informed the municipal court and Law Division it successfully filed a Laurick application with respect to defendant's 2006 conviction. Although the order memorializing that decision is not contained in the record, it appears defendant's application was filed at some point after his 2012 plea.

A-0836-22

court informed defendant during his arraignment of the serious fines and potential penalties for a first DWI offense.

In addition, the court advised defendant he had the "right to an attorney," and if he could not afford one, the court would "appoint one to represent [him], commonly called a [p]ublic [d]efender." When asked if he understood "those rights," defendant responded that he did and when the court inquired further if he wished to be represented by counsel or a public defender, defendant informed the judge "neither."

To ensure he understood defendant's waiver, the court made the following additional inquiry:

> Court: Neither meaning what?
>
> Defendant: No attorney.
>
> Court: Okay. Now, do you understand sir, that an attorney who would be well versed in the law might be aware of certain defenses that you're entitled to that you might be unaware of . . . because you're not an attorney such that by waiving your right to counsel, basically, you're doing so at a certain risk to yourself. Do you understand that?
>
> Defendant: Yes.
>
> Court: And so understanding, you still wish to waive your right to counsel?
>
> Defendant: Yes.

3

Court: And are you doing this voluntarily?

Defendant: Yes.

Court: Okay. I find as fact that defendant is knowingly, voluntarily and intelligently waived his right to counsel. On the charge of DUI, is it your intention to plead guilty or not guilty.

Defendant: Guilty.

After defendant stated he intended to plead guilty, the court noted defendant's blood alcohol concentration (BAC) indicated a "truncated reading of [0].17." The court then directed him to consult with the prosecutor to address the outstanding moving violations related to the March 28, 2012 motor vehicle stop that led to his DWI charge. At that point, the court reviewed defendant's driver's abstract and learned of defendant's 2006 conviction.

As a result, the judge engaged in a further colloquy with defendant. The judge specifically explained if he pled guilty to the current charges, he would be considered a second offender for purposes of sentencing and as a result would face increased sentencing exposure with respect to the current DUI charge. In that context, the court also advised defendant, again, of his right to counsel:

Court: And just to reiterate, you understand that you have the right to any attorney and if you can't afford an attorney . . . I'll appoint one to represent you. Do you understand that?

A-0836-22

Defendant:  I understand.

Court:  And . . . is it still your intention knowing that this a second offense and understanding what the range of penalties is, is it still your intention to waive your right to an attorney, either private attorney or [p]ublic [d]efender?

Defendant:  Yes.

Court:  And, again, you still do so knowing that an attorney might be aware of defenses that you're entitled to in this matter that you're unaware of because you're not an attorney, such that by waiving your right to counsel, either private or [p]ublic [d]efender, you're doing so to certain risk to yourself?  You understand that, correct?

Defendant:  Yes.

Court: And you still want to confront that risk and still continue your previously expressed waiver of your right to an attorney in this matter, either private or [p]ublic [d]efender, is that true?

Defendant:  Yes.

Following this exchange, defendant pled guilty to DWI.  When doing so, he specifically admitted he operated a vehicle "under the influence of alcohol," in Pennsauken, after consuming "hard liquor," which resulted in him being unable to "safely and properly operate [his] vehicle."

A-0836-22

Nearly ten years after his 2012 conviction, defendant appeared before the same municipal court judge before whom he pled guilty. As noted, defendant sought PCR relief under Laurick and argued his plea, which occurred a "mere six days, after the date of arrest, was not a reasonable time to be able to contemplate, or consider, the reality and severity of the circumstances" and had he "sought counsel in the matter, he likely would have been advised to at least review discovery, determine if defenses existed to the charges, and wait to enter the plea."

The judge denied defendant's application and entered a conforming order on March 18, 2022. In an oral decision issued the same day, the judge explained after reviewing the transcript from defendant's plea, it was clear defendant "was advised multiple times of his right to counsel, of his right to a [p]ublic [d]efender" and "I found . . . there was a knowing, voluntary, and intelligent [waiver]" as "he was given . . . numerous chances to seek counsel." Accordingly, the court concluded it could "find no basis in law to grant the application."

Defendant appealed to the Law Division and reprised the same arguments made before the municipal court. After considering the parties' oral arguments and conducting a de novo review of the record, the court denied defendant's application and issued a conforming November 9, 2022 order. In its

accompanying oral decision, the court found the municipal court ensured defendant was aware of his right to counsel and the potential penalties in the event he pled guilty to a second DWI offense. The court also concluded defendant failed to meet his burden under Laurick, the plea was "validly entered," and he did not otherwise suffer from any constitutional violations warranting relief.

Before us, defendant raises the same two arguments he raised before the municipal and Law Division courts. Specifically, he contends the municipal court and Law Division judges' decisions represent a "fundamental injustice" because defendant pled guilty to a second offense only "six days after his arrest." He claims not to have understood the consequences of his actions and maintains the court had an affirmative obligation not to permit him "to plead guilty, pro se, only six days after being charged, without, at a minimum, insisting that he consult with a private attorney or the public defender" and if afforded that opportunity he would not have pled guilty. In his second point, defendant argues any "uncounseled plea, under Laurick, should not . . . enhance any subsequent offense for purposes of any term of incarceration . . . ."

We disagree with both arguments and conclude they are of insufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We

are satisfied the municipal court and Law Division judges properly denied defendant's petition because defendant's guilty plea and his waiver of his right to counsel with respect to his second DUI was knowing, voluntary and intelligent, and he accordingly failed to establish relief under Laurick. We offer the following brief comments to amplify our decision.

In our review of a Law Division order following its de novo review of an appeal from a municipal court, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001). Where the Law Division decides a PCR petition without an evidentiary hearing, we similarly conduct a de novo review of the Law Division's factual findings and legal conclusions. See State v. Harris, 181 N.J. 391, 421 (2004), cert. denied, 545 U.S. 1145 (2005).

In Laurick, the Court held:

> an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty. In the context of repeat DWI offenses, this means that the enhanced administrative penalties and fines may constitutionally be imposed but that in the case of repeat DWI convictions based on uncounseled prior convictions, the actual period of incarceration imposed may not exceed that for any counseled DWI convictions.
>
> [120 N.J. at 16.]

A-0836-22

The Court's holding in Laurick is grounded in a defendant's constitutional right to counsel. 120 N.J. at 11; see also State v. Konecny, 250 N.J. 321, 338-39 (2022) (noting Laurick applied in circumstances "where the defendant was not represented by counsel and not informed of his right to counsel"); State v. Hrycak, 184 N.J. 351, 363 (2005) (explaining to obtain relief under Laurick a "defendant has the burden of proving in a second or subsequent DWI proceeding that he or she did not receive notice of the right to counsel in the prior case"). In sum, Laurick "provided a limited form of post-conviction relief to those defendants who had not waived their right to counsel and who were not informed by the court of their right to retain counsel or, if indigent, of their right to assigned counsel without cost." State v. Patel, 239 N.J. 424, 438 (2019).

Based on the record before us, it is clear Laurick is inapplicable where, as here, a defendant was clearly and unequivocally advised of his right to counsel during the prior proceeding resulting in the DWI conviction that provides the basis for the imposition of enhanced penalties for a second or third conviction under N.J.S.A. 39:4-50(a)(2) and (3). As we have detailed, the municipal court thoroughly advised defendant of his right to counsel and the enhanced penalties if convicted of a second DWI. Defendant unequivocally

A-0836-22

waived his right to counsel and agreed to plead guilty after being fully informed of the consequences.

Moreover, we find no support for defendant's argument that he is entitled to relief based on the fact he pled guilty six days after he was arrested. First, nothing in the record supports defendant's argument he was in any way confused, pressured, or unable to make an intelligent and competent waiver based on the temporal proximity between the occurrence of his N.J.S.A. 39:4-50 offense and his plea. In fact, the transcript from defendant's plea colloquy confirms the precise opposite proposition. Simply put, defendant failed to establish a basis for relief under Laurick or any other Rule or precedent.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0836-22